# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Eric Ryan Scott,

     Plaintiff

v.

Clark County Detention Center,

     Defendant

**2:16-cv-02334-JAD-VCF**

**Order Dismissing and Closing Case**

On October 7, 2016, I ordered pro se plaintiff Eric Ryan Scott to file a fully completed application to proceed *in forma pauperis* or pay the full filing fee by November 7, 2016, or face dismissal of this action. This deadline has expired, and Scott has not filed a completed application, paid the filing fee, or requested an extension to do so.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[1] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[2] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

---

[1] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[2] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

1   favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[3]

2       The first two factors, the public's interest in expeditiously resolving this litigation and the

3   court's interest in managing its docket, weigh in favor of dismissal.  The third factor, risk of

4   prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises

5   from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an

6   action.[4]  A court's warning to a party that his failure to obey the court's order will result in dismissal

7   satisfies the fifth factor's "consideration of alternatives" requirement.[5]  The fourth factor—the public

8   policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring

9   dismissal.  Accordingly,

10      IT IS HEREBY ORDERED that **this case is DISMISSED without prejudice**.  The Clerk of

11  Court is instructed to CLOSE THIS CASE.

12      Dated this 16th day of November, 2016.

13      _____
        Jennifer A. Dorsey
14      United States District Judge

15

16

17

18

19

20

21

22

23

24

---

25  [3] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*,
26  963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

27  [4] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

28  [5] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.